BABER v. UNITED STATES LIGHT & HEAT CORPORATION et al.*
(No. 8895.)

(Court of Civil Appeals of Texas. Galveston. Dec. 16, 1926. Rehearing Denied Jan. 6, 1927.)

1. **Receivers ⟨⟩152—Where agreement did not fix exact amount of employee's compensation for corporation in hands of receiver, he was entitled to reasonable compensation.**

Where one employed to take charge of finances of corporation, which later went into hands of receiver, was to be paid such sum as should be proper compensation in judgment of parties at interest, there being no agreement fixing exact amount, he was entitled to reasonable compensation.

2. **Receivers ⟨⟩152—Compensation of one employed to handle finances of corporation, going into receivership, was not restricted to satisfaction out of earnings as between parties.**

Where one was employed by president of corporation, which later went into receivership, with approval of certain creditors, to handle finances of corporation, his right to compensation could not be restricted to satisfaction out of earnings of business, as between parties to agreement.

3. **Receivers ⟨⟩152—Compensation of one employed by corporation, going into receivership, did not, as between parties, depend on success of management.**

Where one was employed by president of corporation, with approval of two large creditors, to handle finances of corporation, his right to compensation, where corporation was in receivership, did not depend, as between parties to agreement, on success of management of business.

4. **Receivers ⟨⟩150—Evidence held to sustain finding that one employed to handle finances of corporation fully complied with contract, as regards priority of claim in receivership proceedings.**

In receivership suit in which one employed by corporation, with approval of certain creditors, to handle finances of corporation, sought to establish preferred claim for compensation as against creditors mentioned, evidence *held* to sustain finding that he fully complied with contract.

5. **Receivers ⟨⟩152—Under contract by corporation, approved by certain creditors, employing B. to handle finances of corporation, B. had preferred claim for compensation as against such creditors, in receivership proceedings.**

Under contract by corporation, approved and ratified by certain creditors, employing B. to handle finances of corporation, B. had preferred claim, in receivership proceeding, for compensation as against creditors mentioned, which should have been paid out of funds in registry of court after creditors other than those mentioned had been paid proportionate amount.

6. **Receivers ⟨⟩149—Where, in receivership proceedings, facts upon which estoppel arise are all pleaded, it need not be specifically pleaded.**

Where facts, showing that certain creditors were estopped from denying that one employed to handle finances of corporation had preferred claim for compensation, were all pleaded, it was not necessary for petition to label right arising from those facts to entitle claimant to benefit of such right.

7. **Receivers ⟨⟩152—Employee was not required to surrender contract at request of one of three parties to agreement as regards priority of claim in receivership proceedings.**

Where contract, by corporation employing B. to handle its finances, was approved and ratified by two creditors, he was not required to surrender his contract at request of one of creditors as regards priority of claim in receivership proceedings, where other two parties insisted on his continuing to carry out contract.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Receivership proceedings by the United States Light & Heat Corporation against the Houston Electrical Service Corporation, in which J. H. Baber and others intervene and set up claims. From a judgment for intervener named, which was not given preference, he appeals. Reversed and rendered.

Boyles, Brown & Scott and Pat N. Fahey, all of Houston, for appellant.

Gill, Jones & Tyler, of Houston, for appellees.

PLEASANTS, C. J. The judgment, from which this appeal is prosecuted, was rendered in a receivership proceeding in the court be-

---

low in which the United States Light & Heat Corporation was plaintiff, and the Houston Electrical Service Corporation was defendant. Appellant and a number of other parties, the Texas Company, the First National Bank of Houston, and the Gulf, Colorado & Santa Fé Railway Company, intervened in the receivership suit, setting up claims against the defendant in this suit. A receiver was appointed, and the property and business of the defendant administered under the direction of the court. Prior to the judgment from which this appeal is taken, all of the property and assets of the defendant had been disposed of except the sum of $4,000, which had been paid into the registry of the court upon the closing of the receivership and the discharge of the receiver.

The only question on this appeal is the proper distribution of this fund between the appellant and the appellees, the plaintiff in the original suit and the interveners before mentioned.

Appellant recovered judgment in the court below for the sum of $1,312.50, but no preference was given his claim, he being only given his pro rata share with the appellees herein in the fund in the registry of the court.

The claim upon which appellant's judgment is based was for services performed by him in conducting the business of the Houston Electrical Service Company prior to the appointment of the receiver. The contract under which these services were performed is evidenced by the following letter, written by Dr. Van Dyke, the president of the Houston Electrical Service Company, and approved and ratified by the appellees United States Light & Heating Corporation and the First National Bank of Houston:

"It having been indicated that it is desired by the two large creditors that a responsible party be placed in charge of the finances of this corporation, and the board of directors of this corporation having authorized me to do so, I here now agree, as president of the corporation, that John H. Baber, of Houston, Tex., be and he is hereby authorized to take complete charge of all the finances of this corporation, including the supervision of the bank account, of all cash coming into the corporation, and of the paying out of such cash. The said Baber's judgment shall be conclusive as to all matters affecting the finances of this corporation, as well as the purchasing of additional parts, equipment, merchandise, or material, or the making of payments on account of any such parts, equipment, merchandise, or material already purchased or to be purchased. He shall have control of the bank account, and his countersignature shall be necessary to all checks issued.

"The enumeration of the specific powers above is not intended as a limitation of the general power of supervision of the finances. * * *

"The said John H. Baber shall receive, as compensation for his services, such sum as shall be proper compensation in the judgment of the parties at interest."

Appellant testified as follows:

"I was in charge of the service corporation for about 10½ months. Some days I would devote a half day to the service of the corporation, and some days I would not do as much. A general average of the time I spent in the service of the corporation during that 10½ months would be less than half a day each day. Besides this matter, I had another trusteeship that I was looking after, the Houston Motor Truck Company, and then I looked after my lumber interests a little bit; I don't take any active part in that business, just consultation once in a while, and that is all. I am sure that I devoted as much as one-third of my time every day to this matter. As a practical proposition, I had charge of the Houston Electrical Service Corporation's affairs during all of that time. Under the agreement, I was supposed to supervise the finances, but as a practical proposition I really ran the business in all its details; Mr. Van Dyke wouldn't make any move at all without consulting me—buying, or anything like that, spending any money or hiring employees. In fact, he got rid of several at my suggestion, and I reduced the liabilities during that time, I think, a little over $6,000."

He further testified:

"I mean to say that from the time I was appointed trustee I reduced the liabilities over $6,000; I paid the United States Light Company over $4,000. From the time you applied for the receiver until the receiver was appointed, I could not tell you whether the net assets of the company had depreciated rather than increased. I couldn't tell you whether the creditors are getting about $4,000 less than they would have if the receiver had been appointed in June of last year.

"When I said that the trusteeship about broke even, the payments to the creditors were not taken into account. The way I paid the creditors was by converting the inventory into cash. I paid the U. S. L. a little over $4,000 and the First National Bank about $220 or $230."

A calculation, based on the judgment decreeing distribution of funds paid over to the clerk of the court, will show that, under that judgment, appellant would receive for his services only about 16 per cent. of the value of his services, as found by the court, or about $220 for his 10 months' work.

At the time appellant took charge of the business of the electrical company, under the contract before set out, the company was unable to meet its financial obligations. The appellees Light & Heat Corporation and First National Bank of Houston were creditors holding the largest claims and were unwilling to postpone the enforcement of their claims unless the management of the business, to the extent evidenced in the letter before set out, was placed in other hands than the officers of the company. None of the creditors of the company held any lien upon its property. Appellee Light & Heat Company held a contract with the electrical

company to supply it with all of the batteries which it handled in the conduct of its business. It is manifest from all the evidence that appellees entered into the agreement with the appellant and the electrical company in the hope that, by proper management and conservation of its resources, the electrical company would be able to pay its debts and continue its business.

About four months after appellant took charge of the business, the contract of appellee with the electrical company was terminated by that company, and appellee then instituted the suit for a receiver which resulted in the appointment of a receiver about six months thereafter. The electrical company terminated its contract with the Light & Heat Company, because that company refused to longer furnish batteries under its contract unless it was paid in cash the price of the batteries. Other batteries could be obtained on consignment, and this was the necessary method in conducting the business of the electrical company.

Our statute (Article 2316, Revised Statutes), pertaining to the classification and priority of claims against a receiver, applies only to the disposition of the earnings of the receiver, and the authorities, allowing preference as against lienholders on claims for services rendered, prior to the receivership, are all based either upon the ground that such services contributed to the betterment of the property, or that funds, from which the claim for services should have been paid, had, before or after the appointment of the receiver, been diverted to the benefit of the lienholders and should be restored to the extent of such diversion. McIlhenny v. Binz, 80 Tex. 1, 13 S. W. 655, 26 Am. St. Rep. 705; Drennen & Co. v. Mercantile Trust Co., 115 Ala. 592, 23 So. 164, 39 L. R. A. 623, 67 Am. St. Rep. 72; Union Trust Co. v. Railway Co., 117 U. S. 434, 6 S. Ct. 809, 29 L. Ed. 963; 23 R. C. L. 115; 34 Cyc. 355.

From the foregoing statement of the facts, it is manifest that these decisions are not controlling in this case.

The ground upon which appellant seeks reversal of the judgment is thus stated in his brief:

"Since J. H. Baber accepted employment with the Houston Electrical Company, a corporation, under the terms of a letter written by said company and agreed to and accepted by the United States Light & Heat Corporation and the First National Bank of Houston, Tex., which letter provided that the said J. H. Baber should receive, as compensation for his services, such sum as should be proper compensation in the judgment of the parties at interest, and since he performed the services required of him prior to the proceedings placing said Houston Electrical Service Company in receivership, his compensation for such services is entitled to priority of payment out of the corpus of the estate of said Houston Electrical Service Company as against the claim of the United States Light & Heat Corporation and the First National Bank of Houston, Tex., which corporations were unsecured creditors, and said creditors are estopped by said letter to deny the priority of appellant's claim."

[1-3] We think this proposition should be sustained. The contract under which appellant performed his services expressly provides that he shall be paid for his services "such sum as shall be proper compensation in the judgment of the parties at interest." There being no agreement fixing the exact amount of such payment, he is entitled to reasonable compensation (13 Corpus Juris, 585, note 14), and no complaint is made of the amount found due him by the trial court. As between the parties to this agreement, his right to compensation cannot be restricted to satisfaction out of the earnings of the business, nor does his right to compensation depend on the success of his management of the business.

[4-6] The judgment of the court in his favor involves the finding that he fully complied with his contract, and the evidence all supports such finding. Upon this state of the record, we know of no rule of law or principle of equity which would entitle either of the obligors in the contract to any portion of the fund which appellant has a right to subject to the payment of his claim until that claim is paid in full. In our opinion, appellant's right to full payment out of the funds in the registry of the court, as against the two appellees who were parties to the contract, does not rest upon any technical doctrine of estoppel, but upon the necessary meaning and import of the contract upon which his claim is based. If, however, estoppel should be held the basis of his right, the facts upon which the estoppel arises are all pleaded, and it was not necessary for the petition to label the right arising from these facts estoppel to entitle plaintiff to the benefit of such right.

[7] Appellant's rights under his contract were in no wise affected by the fact that appellee Light & Heat Company became dissatisfied with its conduct of the business after its contract with the electrical company had been terminated, and requested appellant to resign his position. In response to this request, appellant stated that he would resign if the other parties to the contract were willing, but the electrical company and the First National Bank insisted that appellant continue to perform the services required of him under the contract, and he declined to accede to the request. Neither good faith nor fairness required him to surrender his contract at the request of one of the parties to the agreement, when the other two parties were insisting on his continuing to carry out his contract.

It follows from the conclusions above expressed that the judgment of the trial court

should be reversed and judgment here rendered, directing that appellant be paid the full amount adjudged him by the court out of the funds in the registry of the court, after the creditors, other than the Light & Heat Corporation and the First National Bank of Houston, have been paid their proportionate amount of said fund, and the balance of the fund, remaining after appellant's claim is satisfied, be apportioned between the two creditors above named, in accordance with the judgment of the trial court.

Reversed and rendered.